## COMMONWEALTH *vs.* JOHN J. DOYLE.

Suffolk.    Jan. 23. — Feb. 27, 1882.    FIELD & C. ALLEN, JJ., absent.

At the trial of a complaint alleging that the defendant, on a day named, kept intoxicating liquors with the intent to sell the same unlawfully, a record of proceedings, which resulted in favor of the defendant, for the seizure and forfeiture of certain intoxicating liquors, alleged to have been kept by the defendant on the same day named in the present complaint, with the intent to sell the same unlawfully, is inadmissible, in the absence of evidence that the time relied on by the government was the same in both cases, although it is admitted that the liquors described in the two complaints were the same.

COMPLAINT alleging that the defendant, on March 9, 1881, at Boston, exposed and kept for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth.    At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*G. E. Filkins*, for the defendant.

*G. Marston*, Attorney General, *&* *C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

MORTON, C. J.    The bill of exceptions does not show that the defendant was aggrieved by the rejection of the record of the Municipal Court offered by him.    That was a record of proceedings for the seizure and forfeiture of certain intoxicating liquors, alleged to have been kept by the defendant on March 9, 1881, with the intent to sell the same unlawfully.

The complaint before us charges that the defendant, on the same ninth day of March, kept intoxicating liquors with intent to sell the same unlawfully. But, notwithstanding the apparent identity, the two charges are not the same. In proceedings for the seizure and forfeiture of liquors, the time alleged is material, and must be proved as alleged; that is, it must be proved that at the time of the seizure the liquors were kept by the person alleged with intent to sell them unlawfully. In a complaint for keeping liquors with intent to sell them unlawfully, the allegation of time is immaterial and need not be proved, it being enough to prove that the offence was committed at any time within the statute of limitations.

To illustrate, suppose the defendant had kept a place for the illegal sale of liquors for six months prior to March 9, 1881, but on that day, before the seizure, had abandoned the business and kept what remained of his stock, not for sale, but for his private use, or had in good faith sold it to another person, the charge in the seizure proceedings would be disproved, but the charge in the complaint before us would be proved.

The judgment in the prior proceedings in favor of the defendant is therefore immaterial, unless it is aided by proof that the time relied on by the government was the same in both cases. If this fact had been shown, the record of the former proceedings might have been admissible. At the trial, the government admitted that the intoxicating liquor described in the two complaints was the same. But there was no admission, and no offer to prove, that the government relied in both cases upon a keeping at the same time. The bill of exceptions, therefore, does not show any error in the rejection of the evidence offered.

*Exceptions overruled.*